## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| GENEVA CUSHING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 19-309 |
| | ) | |
| COLLINSVILLE COMMUNITY | ) | |
| UNIT SCHOOL DISTRICT NO. 10, | ) | |
| an Illinois body politic, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>COMPLAINT</u>

COMES NOW Plaintiff, GENEVA CUSHING, by and through her attorneys, WEILMUENSTER KECK & BROWN, P.C., and for her Complaint against Defendant, COLLINSVILLE COMMUNITY UNIT SCHOOL DISTRICT NO. 10, an Illinois body politic, states as follows:

1.      That action arises under the Rehabilitation Act of 1973, 29 USC 794 *et seq*., the Americans with Disabilities Act (ADA), 42 USC 12101 *et seq*., the Age Discrimination in Employment Act (ADEA), 29 USC 621, *et seq*., and the Illinois Human Rights Act (IHRA), 775 ILCS 5/7A-102(D)(3).

2.      That on or about January 12, 2017, Plaintiff filed a charge of disability and/or age discrimination with the Illinois Department of Human Rights (IDHR) and EEOC.

3.      That on or about December 17, 2018, IDHR concluded its investigation and dismissed the charge.

4.      That all conditions precedent to the institution of this action have been performed or have occurred.

5.    That jurisdiction is proper pursuant to 28 USC 1331, 1343, and 1367; 29 USC 794.

6.    Venue is appropriate because the alleged civil rights violation(s) occurred within the Southern District of Illinois.

7.    That Plaintiff, GENEVA CUSHING, is an adult female and was at all times relevant to this Complaint a resident of Madison County, Illinois.

8.    That at all relevant times, Plaintiff has been a qualified individual pursuant to 42 USC 12111(8).

9.    That from at least 1997 through July 18, 2016, Plaintiff was employed by Defendant as a Computer Support Specialist.

10.    That Defendant COLLINSVILLE COMMUNITY UNIT SCHOOL DISTRICT NO. 10, a corporation ("Collinsville School District"), is a body corporate and politic operating in Madison and St. Clair Counties in the State of Illinois.

11.    That at all relevant times herein, Defendant operated numerous schools in Madison and St. Clair counties in the State of Illinois.

12.    That at all relevant times herein, Defendant was a recipient of federal financial assistance.

13.    That at all relevant times, Defendant has been a covered entity under 42 USC 12111(2).

14.    That at all relevant times herein, Defendant employed more than 500 individuals and subject to the Rehabilitation Act, Americans with Disabilities Act, Age Discrimination in Employment Act, and Illinois Human Rights Act.

15.     That from at least September 1, 2014, through the present, Defendant employed computer support specialists to provide computer support services for the schools operated by Defendant.

16.     That from at least 1997 to July 18, 2016, Defendant employed Plaintiff as a Computer Support Specialist (CSS) within the District's Technology Department.

17.     That in September of 2014, Plaintiff suffered a work-related injury and was placed on worker's compensation leave.

18.     That Plaintiff remained on leave from September of 2014 until August of 2015.

19.     That while on leave, Plaintiff underwent treatment for her neck injury.

20.     That in August of 2015, Plaintiff was released to return to work with the restriction of no reaching or overhead work following a trial return to work without restriction.

21.     That at periods of time from August of 2015 through November of 2015, Defendant offered reasonable accommodation to Plaintiff to address the work restriction of no reaching or overhead work imposed by Plaintiff's physician, and Plaintiff returned to work.

22.     That in October of 2015, following complaints of shoulder pain, Plaintiff was referred to a shoulder surgeon.

23.     That Plaintiff's shoulder surgeon placed Plaintiff on additional work restrictions.

24.     That on November 5, 2015, Defendant placed Plaintiff on leave "due to the additional restrictions of no pushing or pulling for [her] shoulder, in addition to no reaching or overhead work with [her] neck."

25.     That Plaintiff underwent treatment for her shoulder injury.

26.     That on May 24, 2016, Plaintiff was released from the restriction(s) on Plaintiff's work imposed by Plaintiff's shoulder surgeon.

27.     That at all relevant times herein, Defendant was aware of Plaintiff's disability, and Defendant regarded Plaintiff as being disabled and substantially limited in one or more major life activities.

28.     That Defendant did not offer reasonable accommodation to Plaintiff at any time between November 5, 2015, and July 18, 2016.

29.     That on July 18, 2016, Defendant terminated Plaintiff.

30.     That prior to her discharge, Plaintiff requested reasonable accommodation.

31.     That Defendant refused "to accommodate [Plaintiff's] physical restrictions, with or without reasonable accommodation."

32.     That prior to her discharge, Plaintiff could have performed all essential functions of her employment, with or without reasonable accommodation, but was deprived of the opportunity.

33.     That all or the overwhelming majority of essential functions of Plaintiff's employment did not include tasks which were impacted by Plaintiff's disability; however, Defendant regarded Plaintiff as disabled and unable to perform her job duties.

### COUNT I
*Rehabilitation Act*

34.     That at all relevant times herein, Defendant was a recipient of federal financial assistance.

35.     That as a result of its status as a recipient of federal funds, Defendant was required at all times relevant herein to comply with Section 504 of the Rehabilitation Act, including 29 USC 794(a).

36.     That at the time of her termination, Plaintiff suffered from a disability which substantially limited one or more major life activities, including reaching overhead.

37.     That at all relevant times herein, Defendant was aware of Plaintiff's disability, and Defendant regarded Plaintiff as being disabled and substantially limited in one or more major life activities.

38.     That prior to her discharge, Plaintiff could have performed all essential functions of her employment, with or without reasonable accommodation, but was deprived of the opportunity.

39.     That Defendant did not offer reasonable accommodation to Plaintiff at any time between November 5, 2015, and July 18, 2016.

40.     That prior to her discharge, Plaintiff requested reasonable accommodation.

41.     That Defendant refused "to accommodate [Plaintiff's] physical restrictions, with or without reasonable accommodation."

42.     That Defendant terminated Plaintiff on the basis of her disability.

43.     That as a direct and proximate result of Defendant's acts and/or omissions, Plaintiff has suffered and continues to suffer lost compensation and benefits, and she has and continues to experience humiliation, mental anguish and emotional distress.

WHEREFORE, Plaintiff prays this Court award judgment in favor of the Plaintiff and against the Defendant for compensatory and exemplary damages in an amount in excess of $75,000.00, plus reinstatement, attorney's fees, litigation costs, and costs of suit and for any other and further relief deemed just and proper under the circumstances.

## COUNT II
*ADA*

44.     That at all relevant times herein, Defendant was aware of Plaintiff's disability, and Defendant regarded Plaintiff as being disabled and substantially limited in one or more major life activities.

45.     That Defendant terminated Plaintiff on the basis of her disability.

46.     That prior to and at the time of her discharge, Plaintiff was disabled and substantially limited in one or more major life activities; furthermore, Defendant regarded Plaintiff as being disabled and substantially limited in one or more major life activities.

47.     That prior to her discharge, Plaintiff could have performed all essential functions of her employment, with or without reasonable accommodation, but was deprived of the opportunity.

48.     That Plaintiff was an "otherwise qualified individual with a disability" who was discriminated against Defendant because of her disability.

49.     That as a direct and proximate result of Defendant's discharge, she has suffered and continues to suffer lost compensation and benefits, and she has and continues to experience humiliation, mental anguish and emotional distress.

WHEREFORE, Plaintiff prays this Court award judgment in favor of the Plaintiff and against the Defendant for compensatory and exemplary damages in an amount in excess of $75,000.00, plus reinstatement, attorney's fees, litigation costs, and costs of suit and for any other and further relief deemed just and proper under the circumstances.

## COUNT III
*ADEA -- Age Discrimination*

50.     That *pleading in the alternative*, on July 18, 2016, Defendant terminated Plaintiff on the basis of her age.

51.     That given her age at the time of discharge, Plaintiff was in a protected class under the Age Discrimination in Employment Act.

52.     That until Plaintiff was placed on medical leave, Plaintiff's work performance met and exceeded Defendant's legitimate expectations.

53.     That after completing treatment and receiving clearance to return to work in May, 2016, Defendant did not allow Plaintiff an opportunity to return to work.

54.     That upon information and belief, Plaintiff was replaced by an individual who, due to his age, was not in the protected class under the Age Discrimination in Employment Act.

55.     That as a direct and proximate result of Defendant's acts and/or omissions, Plaintiff has suffered and continues to suffer lost compensation and benefits, and she has and continues to experience humiliation, mental anguish and emotional distress.

WHEREFORE, Plaintiff prays this Court award judgment in favor of the Plaintiff and against the Defendant for compensatory and exemplary damages in an amount in excess of $75,000.00, plus reinstatement, attorney's fees, litigation costs, and costs of suit and for any other and further relief deemed just and proper under the circumstances.

## COUNT IV
*IHRA (Disability)*

56.     That Plaintiff had a fundamental right to be free from discrimination based on disability in the workplace.

57.     That Defendant violated Plaintiff's fundamental rights when it terminated her employment as a result of her disability, without regard to whether Plaintiff could perform the essential functions of her job, with or without reasonable accommodation.

58.     That as a direct and proximate result of Defendant's acts and/or omissions, Plaintiff has suffered and continues to suffer lost compensation and benefits, and she has and continues to experience humiliation, mental anguish and emotional distress.

WHEREFORE, Plaintiff prays this Court award judgment in favor of the Plaintiff and against the Defendant for compensatory and exemplary damages in an amount in excess of $75,000.00, plus reinstatement, attorney's fees, litigation costs, and costs of suit and for any other and further relief deemed just and proper under the circumstances.

## COUNT V
### *IHRA (Age)*

59.     That Plaintiff had a fundamental right to be free from discrimination based on age in the workplace.

60.     That *pleading in the alternative*, Defendant violated Plaintiff's fundamental rights when it terminated her employment because of her age and/or age was a contributing factor in the decision to terminate her employment, replacing her with an individual outside of the protected class (age).

61.     That *pleading in the alternative*, on July 18, 2016, Defendant terminated Plaintiff on the basis of her age.

62.     That given her age at the time of discharge, Plaintiff was in a protected class under the Illinois Human Rights Act.

63.     That until Plaintiff was placed on medical leave, Plaintiff's work performance met and exceeded Defendant's legitimate expectations.

64.     That after completing treatment and receiving clearance to return to work in May, 2016, Defendant did not allow Plaintiff an opportunity to return to work.

65.     That upon information and belief, Plaintiff was replaced by an individual who, due to his age, was not in the protected class under the Illinois Human Rights Act.

66.     That as a direct and proximate result of Defendant's acts and/or omissions, Plaintiff has suffered and continues to suffer lost compensation and benefits, and she has and continues to experience humiliation, mental anguish and emotional distress.

WHEREFORE, Plaintiff prays this Court award judgment in favor of the Plaintiff and against the Defendant for compensatory and exemplary damages in an amount in excess of $75,000.00, plus reinstatement, attorney's fees, litigation costs, and costs of suit and for any other and further relief deemed just and proper under the circumstances.

Respectfully submitted,

**WEILMUENSTER, KECK & BROWN, P.C.**

/s/ Nathaniel O. Brown
Nathaniel O. Brown
IL No. 06302492
3201 West Main Street
Belleville, Illinois 62226
618-257-2222
618-257-2030
nob@weilmuensterlaw.com
**Attorney for Plaintiff**